## JULBE *v.* GUZMÁN ET AL.

### APPEAL from the District Court of Humacao.

No. 367.—Decided June 26, 1909.

APPEAL—DOCUMENTARY EVIDENCE—MUST BE INCLUDED IN THE STATEMENT OF FACTS.—In the case at bar the statement of facts included the testimony of the witnesses, but the documentary evidence was only mentioned therein, while separate copies of the documents introduced in evidence were included in the transcript. *Held:* That it is an error to suppose that the documentary evidence may be submitted to the consideration of this court by the inclusion of a copy thereof in the transcript of the record. All the evidence presented at the trial in the lower court must be embodied in a statement of facts and verified with the approval of the trial judge in order that this court may consider it as part of the record.

The facts are stated in the opinion.
*Mr. Vías Ochoteco* for appellant.
*Mr. Benítez Castaño* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from the District Court of Humacao. The complaint was filed on August 15, 1907; the defendants made answer on August 26, 1907, and the hearing having been had, the court rendered judgment on June 29, 1908, holding that the plaintiff was not entitled to recover from the defendants, and that the latter should be relieved of all liability with respect to the complaint.

The transcript was filed in the office of the secretary of this Supreme Court on February 5, 1909, and the hearing on the appeal was had on May 6, 1909, with the attendance of counsel for both parties, who had previously filed their briefs and who made their respective arguments at the hearing.

The appeal has been taken on the ground that the judgment rendered by the district court is not supported by the evidence and that it violates the provisions of sections 1316, 1322 and 159 of the Civil Code.

On September 14, 1903, the defendant, Julio D. Guzmán, and Victoria López contracted marriage, and on October 30, 1906, Victoria died without leaving any children and without having made a will.

The position taken by the plaintiff, Dolores Julbe, the widow of López and mother and heir of Victoria, is the following: That the defendant, Guzmán, having acquired, for a valuable consideration and during his marriage with the daughter of the plaintiff, the property described in the complaint, such property must be considered as belonging to the conjugal partnership. And that the said defendant, Guzmán, having entered into a conspiracy with the other defendant, Roig, to defraud the plaintiff, and having executed a private contract after the death of Victoria, under which Guzmán appears to have sold to Roig during the life of Victoria, one-half of the said property, such contract should be set aside; and that if the contract had really been executed during the lifetime of the wife, it is also void and should be set aside, because the wife had never consented and agreed thereto.

. And the position taken by the defendants is the following: That it is true that the property mentioned in the complaint was acquired by the defendant, Guzmán, during his marriage with Victoria, but such acquisition was made with money derived from the paternal inheritance of said defendant, and that therefore such property belongs exclusively to Guzmán; and that it is also true that a private contract was entered into between the defendants, Guzmán and Roig, during the lifetime of the wife, and without the intervention of said wife, because the contract related solely to the property of the husband.

Section 1316 of the Civil Code provides that property acquired for a valuable consideration during the marriage and at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only, is partnership property.

Section 1322 of said Code provides that all the property of the marriage shall be considered as partnership property, until it is proven that it belongs exclusively to the husband or to the wife.

And section 159 of said Code, in the last paragraph, provides that the real property belonging to the conjugal community may not be alienated or burdened, such a transaction being null, except when effected with the mutual consent of both parties to the marriage.

And in addition to these sections, which the appellant alleges have been violated, we must take into consideration section 1314 of said Code, which includes among the separate property of each of the spouses that acquired by inheritance or that purchased with money belonging exclusively to the wife or to the husband.

Having examined the allegations of both parties and the law applicable to the case, it will be observed that there is a question of fact which must be decided by the court upon the evidence heard.

The plaintiff and appellant has presented in the transcript of the record a certain statement of facts which was duly approved by the trial judge.

This statement includes the testimony of the witnesses, but the documentary evidence is only mentioned therein. The documents which appear to have been introduced in evidence are included in the transcript in the form of separate copies. This Supreme Court has heretofore held in the case of *Gutierrez* v. *Bustelo,* decided April 20, 1909:

"It is an error to suppose that the documentary evidence may be submitted to the consideration of this court by the inclusion of a copy thereof in the transcript of the record. All the evidence presented at the trial in the lower court must be embodied in a statement of facts and verified, with the approval of the trial judge, in order that this court may consider it as part of the record. See the following numerous cases which have been heretofore decided by this court: *Román* v. *The American R. R. Co. of Porto Rico,* 3 P. R. Repts., 31; *Acevedo* v. *Sola,* 3 P. R. Repts., 42; *Asencio* v. *Alvarez,* 3 P. R. Repts., 59; *Belden et al.* v. *González,* 3 P. R. Repts., 141; *Caloca* v. *Vilaseca et al.,* 3 P. R. Repts., 148; *Orsini* v. *Comás et al.,* 3 P. R. Repts., 156; *Acevedo* v. *Anes,* 3 P. R. Repts., 160; *The Convent of the Carmelite Nuns* v. *Rossy,* 3 P. R. Repts., 161; *Ezquiaga* v. *Munítiz,* 3 P. R. Repts., 165; *Mollfulleda* v. *Ramos,* 3 P. R. Repts., 169; *Moll* v. *Llompart,* 3 P. R. Repts., 176; *Ramírez* v. *Surillo et al.,* 3 P. R. Repts., 179; *Huertas* v. *Elzaburu,* 3 P. R. Repts., 207; *Tibos* v. *Flores et al.,* 3 P. R. Repts., 215; *Martínez* v. *Moreno,* 3 P. R. Repts., 277; *Oteíza* v. *Martínez,* 3 P. R. Repts., 302; *Blondet* v. *Amorós Hermanos,* 3 P. R. Repts., 314; *Ezquiaga* v. *Munítiz,* 3 P. R. Repts., 279, 348; *Fuentes Hermanos* v. *El Banco de Puerto Rico et al.,* 3 P. R. Repts., 405; *Díaz Caneja* v. *The Administration,* 3 P. R. Repts., 435."

Taking into consideration what has been stated above and applying the doctrine maintained in the said decisions, we arrive at the conclusion that the evidence heard in this case in the district court has not been presented in due form to this Supreme Court. And under the circumstances, we have no basis on which to determine whether the said district court erred in rendering judgment in its findings upon the evidence.

The appeal taken should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.